UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRITZ GERALD TOUSSAINT,

               Plaintiff,

-against-

THE NEW YORK PUBLIC LIBRARY,

               Defendant.

23-CV-1507 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant New York Public Library violated his rights. He filed this action on January 31, 2023, in the United States District Court for the Eastern District of New York. (ECF 1.) That court transferred the action here on February 23, 2023. (ECF 5.) On February 27, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), and the following day, this court's Clerk's Office mailed the order granting IFP to Plaintiff. (ECF 6.) On March 21, 2023, the court received notification from the United States Postal Service ("USPS") that its mailing to Plaintiff was undeliverable.

## DISCUSSION

    Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A court may dismiss an action under Fed. R. Civ. P. 41(b), if the plaintiff fails to notify the court of a new address and the court is unable to contact the plaintiff. *See, e.g.*, *Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint. . .

. If [the plaintiff] does not contact the Court and update his address within the time allowed, this action will be dismissed for failure to prosecute.") (citing *Fields v. Beem*, No. 13-CV-0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases)).

Here, the Court's mailing to Plaintiff was deemed undeliverable by the USPS. Accordingly, the Court notifies Plaintiff that within 30 days of the date of this order, he must update the Court with his new address. If he fails to do so, the Court will dismiss the action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

## CONCLUSION

Within 30 days of the date of this order, Plaintiff must update the Court with his new address. Failure to do so will result in dismissal of the action without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

The Clerk of Court is directed to mail a copy of this order to Plaintiff's last known address.[1]

---

[1] Because Plaintiff has not updated his address, in all likelihood he will not receive the order by mail. But it is Plaintiff's responsibility to stay apprised of the status of his case, *see In re WorldCom, Inc.*, 708 F. 3d 327, 329 (2d Cir. 2013) (Litigants … have a responsibility to monitor the docket for the entry of orders they may wish to appeal."), which Plaintiff can do by calling the Clerk's Office.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 24, 2023
              New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge